UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COTY SCOTT HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02815-JPH-TAB |
| | ) |
| GEO GROUP, INCORPORATED, | ) |
| NEW CASTLE CORRECTIONAL FACILITY, | ) |
| | ) |
| Defendants. | ) |

**Order Addressing Filing Fee, Dismissing Complaint,
and Providing Opportunity to Show Cause**

Plaintiff Coty Scott Harris is a prisoner currently incarcerated at New Castle Correctional Facility. He filed a document titled "Motion in Limine" which alleges that the defendants are violating the "Minimum Wage Act" by failing to pay prisoners a minimum wage. He seeks backpay and to be paid the federal minimum wage.

The Court has treated the motion as a civil complaint and opened this action because the motion meets the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, namely it contains a short and plain statement of the plaintiff's claim based on federal law and a demand for relief. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. In this Order, the Court addresses the filing fee for this action, screens the complaint, and makes the following rulings.

**I.     Filing Fee**

The plaintiff shall have **through December 13, 2021**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave

to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on November 4, 2021. *See* 28 U.S.C. § 1915(a)(2).

## II. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III. Dismissal of Complaint

Applying the screening standard to the plaintiff's complaint, the complaint must be **dismissed for failure to state a claim upon which relief may be granted**. The plaintiff's claim that the defendants are violating the "Minimum Wage Act" is construed as an allegation that the defendants are violating the Fair Labor Standards Act (FLSA) by not paying prisoners the federal minimum wage. "Prison and jail inmates are not covered by the FLSA." *Sanders v. Hayden*, 544 F.3d 812, 814 (7th Cir. 2008) (collecting cases). Thus, the plaintiff's complaint must be dismissed.

## IV. Opportunity to Show Cause

The plaintiff shall have **through December 13, 2021,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 11/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COTY SCOTT HARRIS
166400
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362